UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE SCIBETTA,<br><br>*Plaintiff*<br><br>v.<br><br>ACCLAIMED HEALTHCARE et al.,<br><br>*Defendants.* | Case No.: 3:16-cv-02385 (PGS)(DEA)<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff Annette Scibetta ("Scibetta") brought a qui tam action on behalf of herself, the United States, and the State of New Jersey, against Defendants Acclaimed Healthcare, Cane and Able, Ray Stahl, Joan Stahl, Basha Stahl, ABC Corporations 1-10, and John Does 1-10. She alleged that all Defendants violated the federal and New Jersey False Claims Acts (Counts I and III); conspired to violate the federal and New Jersey False Claims Acts (Count II and IV); violated New Jersey RICO (Count V); committed common law fraud (Count VI), unjust enrichment (Count VII), and fraud in the inducement (Count VIII); violated the covenant of good faith and fair dealing (Count IX); and retaliated against her (Count X). In the present motion, Defendants Acclaimed Healthcare, Ray Stahl, Joan Stahl, and Basha Stahl seek dismissal of the claims against them. (ECF No. 13).

Scibetta's complaint cites the "reverse false claim" provision of the False Claims Act – 31 U.S.C. § 3729(a)(1)(G) – which relates to several claims in her complaint. (*See* Moving Br. 8, ECF No. 13; Opp. Br. 5, ECF No. 17). In her opposition brief, Scibetta clarified that "this is not a reverse false claim complaint" and that she intended to quote language from 31 U.S.C. §§ 3729(a)(1)(A) and (B) instead. (Opp. Br. 5). In addition, she includes a great deal of

1

supplemental information in her opposition brief and attachments, explaining that she filed the complaint quickly because she was concerned for patients who were being provided inferior or fewer medical supplies than those prescribed by their doctors. (Cert. of Annette Scibetta ¶ 2, Opp. Br. Ex. 1, ECF No. 17-1). However, a party may not amend or supplement her complaint in a brief opposing a motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *accord Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 130 (D.N.J. 2017). Scibetta requests that if this Court grants Defendants' Motion to Dismiss, it do so without prejudice so that she may move for leave to amend her complaint. (Opp. Br. 20).

To allow Scibetta to cure deficiencies in her complaint, the Court shall grant Defendants' motion to dismiss without prejudice. Scibetta shall have 30 days to file an amended complaint. Defendants may move to dismiss the amended complaint in accordance with the timeframes set forth in the Federal Rules of Civil Procedure.

## ORDER

**THIS MATTER** having come before the Court on a motion to dismiss filed by Defendants Acclaimed Healthcare, Ray Stahl, Joan Stahl, and Basha Stahl (ECF No. 13); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this __6__ day of April 2021,

**ORDERED** that Defendants' motion to dismiss is **granted without prejudice**, and it is further

**ORDERED** that Scibetta will have 30 days to file an amended complaint.

*/s/ Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.